**Mark Anthony COLSTON, Petitioner–Appellant,**

v.

**Luella BURKE, Respondent–Appellee.**

**No. 00–1559.**

United States Court of Appeals, Sixth Circuit.

March 15, 2002.

Before NORRIS and CLAY, Circuit Judges; SARGUS, District Judge.*

CLAY, Circuit Judge.

Petitioner, Mark Anthony Colston, a state prisoner proceeding pro se, appeals the district court's opinion and order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently confined at the Saginaw Correctional Facility in Freeland, Michigan, where Luella Burke ("Respondent") is the warden. For the reasons set forth below, we AFFIRM the district court's judgment.

## BACKGROUND

In March, 1993, Petitioner was convicted by a jury in the Circuit Court for Oakland County, Michigan of three counts of third-degree criminal sexual conduct, Mich. Comp. Laws Ann. 750.520d, and one count of fourth-degree criminal sexual conduct, Mich. Comp. Laws Ann. § 750.520e. Petitioner was subsequently convicted of being an habitual offender—second offense, Mich. Comp. Laws Ann. § 769.10, and was sentenced as a habitual offender to twelve to twenty-two and one-half years' imprisonment.

Petitioner's convictions and sentences arise from events transpiring on July 10, 1991 when Petitioner and his accomplice, Sean Archer, took the thirteen year-old victim, Kimberly Farrah, to a motel in Royal Oak, Michigan, where they engaged in sexual intercourse with her. Before Petitioner's trial, Archer pleaded guilty to charges arising from his involvement in the offenses. At Petitioner's trial, the victim testified that both Petitioner and Archer had vaginal sex with her at the motel on July 10, 1991. Dr. Annamaria Church, certified as an expert witness in the area of pediatric medicine and child sexual abuse, gave testimony that she examined the victim the day after the sexual assault and observed two tears in the victim's hymenal opening and opined that the victim had been vaginally penetrated.

Sean Archer was called as a witness by the prosecutor, and asked if he had been in a motel in Royal Oak, Michigan with Petitioner and a girl named Kim in July of 1991. In response, Archer testified that

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

he had talked to his lawyer and "... was going to plead the Fifth on this." When the prosecutor then asked whether Archer recalled speaking with the prosecutor and Detective Raymond Ralls of the Royal Oak Police Department in December 1992, Archer claimed that he had no recollection of what he said to the detective.

After a colloquy with counsel outside the presence of the jury, the trial court found that Archer was unavailable as a witness. In addition, the trial court, overruling Petitioner's trial counsel's objection that the prosecutor had not acted in good faith in calling Archer as a witness, allowed the prosecutor to admit into evidence oral statements made by Archer to Detective Ralls as statements against penal interest under the exception to the hearsay rule found at Michigan Rules of Evidence ("MRE") 804(b)(3) and to read to the jury the transcript of Archer's guilty plea as a past statement against his interest.

The prosecutor then read Archer's guilty plea to two counts of third-degree criminal sexual conduct into the record, wherein Archer admitted that on July 10, 1991, he had sexual relations with the underage victim. In addition, Detective Ralls of the Royal Oak Police Department testified that on December 1, 1992 he took an oral statement from Archer, in the presence of his attorney, at the Royal Oak Police Department concerning the police investigation into the sexual assault. At the time, Archer had already pleaded guilty to two counts of third-degree criminal sexual conduct and was awaiting sentencing. Over a hearsay objection by Petitioner's trial counsel, the trial court permitted Detective Ralls to testify about the content of Archer's oral statement to him. Detective Ralls testified that Archer stated that Petitioner told him that Petitioner had sex with the victim at the motel. Archer also stated that he heard Petitioner tell the victim to get undressed and get in the bed, and that, while he waited in the car, Petitioner had sex with the victim again. Petitioner did not testify at the trial.

Petitioner appealed his convictions and judgment of sentence to the Michigan Court of Appeals. In affirming the convictions and judgment of sentence on July 30, 1996, the Michigan Court of Appeals specifically found that Archer's statements to Detective Ralls were admissible as statements against penal interest by an unavailable witness pursuant to Michigan Rules of Evidence 804(a)(1) and 804(b)(3). The Michigan Court of Appeals also found that Detective Ralls' testimony about Archer's statements did not violate Petitioner's right of confrontation under the federal and state constitutions. Further, the Michigan Court of Appeals found that any error in admitting Archer's guilty plea into evidence was harmless in view of the properly admitted testimony given by Detective Ralls regarding Archer's statements.

Thereafter, Petitioner sought leave to appeal to the Michigan Supreme Court, which denied the leave application in an order on August 29, 1997. Petitioner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 22, 1998, challenging his state court convictions and sentences. Subsequently, the district court denied Petitioner's petition for a writ of habeas corpus in an opinion and order filed on January 19, 2000. *Mark Anthony Colston v. Luella Burke,* No. 98–CV–10146–BC, (E.D.Mich. January 19, 2000).

## DISCUSSION

■ We now adopt the district court's opinion as our own, affirming the denial of Petitioner's request for habeas relief. Specifically, in its finely reasoned opinion, the district court correctly concluded that

Petitioner is not entitled to habeas corpus relief on his claim that his constitutional right to confrontation under the Sixth Amendment was violated when Archer's statements to Detective Ralls were admitted under Michigan Rules of Evidence 804(b)(3) because he cannot show that the Michigan Court of Appeals' decision was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) and *Lilly v. Virginia*, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). The district court also properly found that Petitioner is not entitled to habeas corpus relief on his claim that he was denied his constitutional right to a fair trial when the trial court erred in admitting Archer's guilty plea into evidence because he cannot show that the Michigan Court of Appeals' decision finding that the error was harmless beyond a reasonable doubt was an unreasonable application of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Finally, the district court properly rejected habeas relief to Petitioner on the basis of the prosecutor's alleged violation of the trial court's discovery order because it was not cognizable on habeas review. Based upon the foregoing, we AFFIRM the judgment of the district court.